# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1157 | **DATE** | 2/26/2001 |
| **CASE TITLE** | Darryl McGowan #B-09025 vs. Michael F. Sherahan, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Unless the completed information regarding his prisoner's trust fund account is provided to this Court in duplicate on or before March 19, 2001, this Court will be constrained to dismiss both the Complaint and this action because of McGowan's continued noncompliance with the applicable statutory requirements (something that would create the third "strike" against McGowan under the provisions of 28 U.S.C. 1915(g)).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | deputy initials | |
| | Mail AO 450 form. | | 2/27/2001 | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 FEB 27 PM 4:20 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRYL McGOWAN #B-09025,  )
                          )
            Plaintiff,    )
                          )
       v.                 )   No. 01 C 1157
                          )
MICHAEL F. SHERAHAN, et al., )
                          )
            Defendants.   )

MEMORANDUM OPINION AND ORDER

Darryl McGowan ("McGowan," who is now in the custody of the Illinois Department of Corrections at its Southwestern Correctional Center ("Southwestern")), has tendered this self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint based on asserted violations of his constitutional rights while in custody at the Cook County Department of Corrections ("County Jail"). This action is essentially a repeat of his Complaint in Case No. 00 C 2299, which this Court had dismissed via its September 11, 2000 memorandum order because of McGowan's then noncompliance with the 42 U.S.C. §1997e(a) requirement of the pre-litigation exhaustion of all available administrative remedies--something that the current Complaint asserts McGowan has now taken care of (Complaint ¶III).

But before this Court can address this new Complaint, it is constrained to note that McGowan has not complied with the requirements of 28 U.S.C. §1915 that establish the basis for a prisoner's payment of filing fees in connection with such



actions. There is no question that McGowan should know better, because he did provide that requisite information in conjunction with his 00 C 2299 lawsuit. Yet in this instance he has sent in a totally blank form of the certificate regarding his prisoner's trust fund account required from Southwestern, as well as failing to provide the printout of transactions in that account during the preceding six months.

Unless that completed information is provided to this Court in duplicate on or before March 19, 2001, this Court will be constrained to dismiss both the Complaint and this action because of McGowan's continued noncompliance with the applicable statutory requirements (something that would create the third "strike" against McGowan under the provisions of 28 U.S.C. §1915(g)). If however the information is tendered in timely fashion, this Court will proceed with such further steps as are appropriate in light of the Complaint and applicable law.

Milton I. Shadur
Senior United States District Judge

Date: February 26, 2001